UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Universal-Polygram International
Publishing, Inc.; Piercepttisongs;
Quartet Music, Inc.; Range Road
Music, Inc.; Jobete Music Co. Inc.;
Hulux Music; Frank Music Corp.;
Impulsive Music; and Robert
Lamm, d/b/a Lamminations Music,

                        Plaintiffs,

vs.

Prairie Broadcasting Company;
G&C Ventures, Ltd.; and
Gene Sullivan,

                        Defendants.         Civ. No. 09-576 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motion of Nikolai & Mersereau, P.A. (the "Law

Firm"), for leave to withdraw from its representation of the Defendants Prairie Broadcasting Company ("PBC"), G&C Ventures, Ltd. ("G&C Ventures"), and Gene Sullivan ("Sullivan"). A Hearing on the Motion was conducted on June 11, 2009, at which time, the Plaintiffs appeared by Mary Andreleita Walker, Esq., and the Defendants appeared by Laurie S. Young, Esq.

For reasons which follow, we recommend that the Law Firm's Motion to Withdraw be granted.[1]

## II. Factual and Procedural Background

This copyright infringement action was commenced on March 11, 2009, with the filing of a Complaint by the Plaintiffs, which own the subject copyrights, against PBC, a corporation which operates two (2) commercial radio stations; G&C Ventures, which is a holding company and the sole shareholder of PBC; and Sullivan, who is the president and director of G&C Ventures. See, Complaint, Docket No. 1, at ¶¶3-6.

---

[1] If the Law Firm is permitted to withdraw from its representation of the Defendants, the practical effect will be a Default Judgment against PBC, and G&C Ventures, which, as corporations, cannot proceed pro se in the Federal Courts. See, Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)("It has been the law for the better part of two centuries that a corporation may appear in federal courts only through licensed counsel."). In view of this consequence, we have styled our ruling as a Report and Recommendation, given the potentially dispositive impact of our suggested ruling upon the resolution of this action.

According to the Complaint, since June 3, 2008, the Defendants have continuously played copyrighted music on PBC's radio stations, without permission from the Plaintiffs. Id. at ¶17.

By way of additional background, on April 13, 2009, the Plaintiffs filed Affidavits of Service, which disclosed that the Defendants were each served with process on March 18, 2009. See, Docket Nos. 3-5. Although the parties initially agreed to extend the Defendants' time to respond to the Complaint, until May 14, 2009, the extended deadline expired without the filing of any responsive pleading by the Defendants. See, Docket Nos. 7-8. Accordingly, on May 18, 2009, the Plaintiffs secured, from the Clerk of Court, an entry of default as to all three (3) Defendants, pursuant to Rule 55(a), Federal Rules of Civil Procedure. See, Docket Nos. 9, 12. Thereafter, on May 28, 2009, the Plaintiffs filed a Motion for Default Judgment, which is set for Hearing on July 30, 2009, before the District Court, the Honorable Patrick J. Schiltz presiding. See, Docket Nos. 15-16.

The Law Firm now seeks to withdraw from its representation of the Defendants. See, Docket No. 18. In support of its Motion, the Law Firm has submitted a Declaration from Peter Nikolai ("Nikolai"), who avers that Sullivan first contacted the Law Firm on April 27, 2009, in order to secure legal representation for the

Defendants. See, Declaration of Peter G. Nikolai ("Nikolai Decl."), Docket No. 21, at ¶3. At that time, Sullivan agreed to sign and return a Retainer Agreement to the Law Firm, together with a $2,000.00 retainer fee, but he ultimately failed to do so. Id.

On May 6, 2009, after the Law Firm had secured a stipulation to extend the time to answer the Complaint, Nikolai again contacted Sullivan, and advised that the Law Firm would not continue its legal representation of the Defendants, without the signed Retainer Agreement, and a $2,000.00 retainer fee. Id. at ¶5. During the conversation, Sullivan again agreed to fax a signed Retainer Agreement to the Law Firm, by no later than May 7, 2009. Id. However, the Defendants never provided the signed Retainer Agreement, or the $2,000.00 retainer fee, as promised. Id. at ¶8. Moreover, Sullivan failed to respond to several telephone calls from the Law Firm. Id. at ¶7.

By letters dated May 8, and May 13, 2009, Nikolai renewed his forewarning to Sullivan, that the Law Firm would not perform any legal work on behalf of the Defendants, nor would it file an Answer on the Defendants' behalf, without a signed Retainer Agreement and retainer fee, but Sullivan failed to respond to those communications. Id. at ¶¶8-9. By subsequent letter dated May 18, 2009, Nikolai advised Sullivan that the Law Firm intended to withdraw from its representation of

the Defendants, and again, Sullivan failed to respond. Id. at ¶10.[2] Accordingly, the Law Firm now requests permission to withdraw without substitution, based upon the Defendants' complete failure to communicate with their counsel. See, Law Firm's Memorandum in Support, Docket No. 20, at p. 2.

The Defendants have not submitted any response to the Law Firm's Motion. However, the Plaintiffs have submitted a response, in which they represent that they are not opposed to the Law Firm's withdrawal from representing the Defendants. See, Docket No. 23.

III. Discussion

A.    Standard of Review. Motions, by counsel of Record, to withdraw from their representation of a client, are inherently fact-specific, and are not readily amenable to a bright-line, doctrinaire approach. Rather, the factual circumstances, which drive such Motions, must be considered in the context of the attorney's duties to the Court, to the client, and to the profession. In this District, when an attorney seeks to withdraw, without a substitution of counsel -- as is the case here -- leave of

---

[2] At the Hearing, the Law Firm advised that none of its mail to Sullivan had been returned as undeliverable.

Court is required. See, D. Minn. LR83.7(c).[3] We view the requirement, that a withdrawal of counsel in the absence of substitute counsel to be only allowed with Court leave, to evince the Court's paramount interest in the administration of justice. As the Court explained, in Hasbro, Inc. v. Serafino, 966 F. Supp. 108, 110 (D. Mass. 1997), quoting Hammond v. T.J. Litle & Co., 809 F. Supp. 156, 159 (D. Mass. 1992):

> [T]here exists an interest beyond that of the client or the attorney, namely, the interests of the Court. "An attorney who agrees to represent a client in a court proceeding assumes the responsibility to the court as well as to the client. Both attorney and client agree to a relationship between them that bears also upon their respective obligations to the court."

Beyond the duties owed to the Court, counsel are obligated to adhere to the governing Rules of Professional Responsibility.

In this District, we apply the Minnesota Rules of Professional Conduct in appraising the behavior of attorneys who practice before us. See, D. Minn. LR83.6(d)(2). Those Rules recognize circumstances which mandatorily commend the

---

[3]D. Minn. LR83.7(c) provides as follows:

> Withdrawal without substitution may be granted only by a motion made before the Court, for good cause shown. Notice of the motion shall be provided to the client, and the motion shall be scheduled in accordance with LR7.1.

withdrawal of counsel -- none of which have been raised in this case.  See, Rule 1.16(a), Minnesota Rules of Professional Conduct.

The Rules also recognize circumstances which allow permissive withdrawal, such as when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."  See, Rule 1.16(b)(5)-(6), Minnesota Rules of Professional Conduct.  Here, the Law Firm does not assert that its continued representation of the Defendants would cause any of its attorneys to violate the Minnesota Rules of Professional Conduct, although its stated concern, that the Defendants refuse to communicate with their counsel, may well be a precursor to such violations.  An attorney cannot effectively represent a client if the attorney is unable to bind the client on issues properly before the Court, and here, we seriously doubt that the Law Firm can take any position in this case with confidence that the Defendants would be constrained to accept that position.

For understandable reasons, the Court neither controls, nor desires to control, the access that litigants have to the attorney of their choice.  However, once an

attorney has noted his or her appearance in this Court on behalf of a litigant, the Court requires control over whether the litigant should continue to be represented by that attorney. Without such control, the Court's ability to manage its calendar, and to administer justice, would unavoidably suffer.

What constitutes "good cause" for withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw. See, <u>Spearman v. Salminen</u>, 379 N.W.2d 627, 632 (Minn. App. 1986). We have, in the past, found that good cause exists where counsel cannot adequately represent the client without traversing the governing Rules of Professional Conduct, or where a degree of fractiousness, between the client and counsel, has developed which inhibits "the just, speedy, and inexpensive determination of [the] action." <u>Rule 1, Federal Rules of Civil Procedure</u>; see also, <u>Welch v. Niagra Falls Gazette</u>, 2000 WL 1737947 (W.D.N.Y., November 17, 2000)(attorney can withdraw if presentation of the case to the Court might subject the attorney to sanctions for pursuing a meritless claim). On the other hand, we have held the mere prospect that the action may not be as financially rewarding as counsel might have earlier anticipated, without more, would not satisfy the good cause showing. See, <u>Welch v. Niagra Falls Gazette</u>, supra

(holding that an attorney cannot withdraw simply because the case is weaker than originally thought, as that is a risk attendant to agreeing to representation).

B. <u>Legal Analysis</u>. Given these precepts, we find that good cause exists to support the Law Firm's withdrawal from its representation of the Defendants, based upon the Defendants' failure and refusal to communicate with their counsel. We are confronted, however, with a significant complicating factor, since PBC and G&C Ventures are corporations which cannot appear <u>pro</u> <u>se</u> in the Federal Courts. See, <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 202 (1993)("It has been the law for the better part of two centuries that a corporation may appear in federal courts only through licensed counsel."); see also, <u>Simitar Entertainment, Inc. v. Silva Entertainment</u>, 44 F. Supp.2d 986, 990 (D. Minn. 1999)("It is settled that 'the law does not allow a corporation to proceed pro se.'"), quoting <u>Ackra Direct Marketing Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 857 (8th Cir. 1996); <u>United States v. Van Stelton</u>, 988 F.2d 70, 70 (8th Cir. 1993); <u>Carr Enters., Inc. v. United States</u>, 698 F.2d 952, 953 (8th Cir. 1983)("It is well settled law that a corporation may be represented only by licensed counsel.").

However, this is not a circumstance in which the Law Firm seeks withdrawal because the prospects of the Defendants' case may not appear as they first did.

Instead, the Defendants have effectively prevented the Law Firm from providing any representation, let alone effective representation. Moreover, we find no authority which requires the Law Firm to donate its time and efforts to the Defendants. See, e.g., Carpenters' District Council of Greater St. Louis v. Evans Concrete, Inc., 2008 WL 5191338 at *2 (E.D. Mo., December 10, 2008)("'Litigants have no right to free legal aid' and corporations do not have the benefit of proceeding in forma pauperis."), quoting Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540 (7th Cir. 2002), citing Rowland v. California Men's Colony, supra at 196. Accordingly, our analysis inevitably turns to the impact upon the parties, and the Court, if the withdrawal is allowed.

"In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320-21 (2nd Cir. 1999), quoting Brown v. National Survival Games, Inc., 1994 WL 660533 at *3 (N.D.N.Y., November 18, 1994); see also, Vachula v. General Electric Capital Corp., 199 F.R.D. 454, 458 (D. Conn. 2000). Here, the Plaintiffs have already obtained an entry of default from the Clerk of Court, and have scheduled a Hearing on their Motion for Default Judgment. Accordingly, on the Record presented, we conclude that allowing

the Law Firm to withdraw will not result in a significant disruption of this action's progress. Indeed, the Defendants' behavior, and their refusal to communicate with their counsel of Record, demonstrates that they do not intend to oppose what appears to be the inevitable conclusion of this action.

As a result, we find good cause to permit the Law Firm's withdrawal from its representation of the Defendants, and we recommend that its Motion be granted.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Motion of Nikolai and Mersereau, P.A., to Withdraw as Counsel for the Defendants [Docket No. 18] be granted.

Dated: June 17, 2009　　　　　　　　　　*s/Raymond L. Erickson*
　　　　　　　　　　　　　　　　　　　　Raymond L. Erickson
　　　　　　　　　　　　　　　　　　　　CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than July 6, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 6, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.